FILED

2015 NOV -3 AM 11: 55

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN GLINSKY,<br><br>Plaintiff,<br><br>v.<br><br>WENDY BONGALIS-ROYER and TRIM DOWN GLOBAL LLC,<br><br>Defendants. | Case No.: 15-CV-1947 BEN (WVG)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>**(2) GRANTING REQUEST FOR JURISDICTIONAL DISCOVERY** |

Before this Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), filed by Defendants Wendy Bongalis-Royer and Trim Down Global, LLC. (Docket No. 4.) For the reasons stated below, the Motion is **GRANTED**.

## BACKGROUND[1]

Plaintiff Ben Glinsky initiated this trademark infringement action on September 1, 2015. (Docket No. 1.) Plaintiff owns two registered trademarks, "Trim Down" and

---

[1] Unless otherwise noted, the following background is drawn from the allegations of Plaintiff's Complaint. The Court is not making any factual findings, but rather only summarizing the relevant facts alleged for purposes of evaluating Defendants' Motion.

"Ultra Trim Down" that are used in connection with vitamins and supplements. (Compl. ¶¶ 2, 17-18.)

Defendant Trim Down Global is a multilevel marketing company, which hires independent contractors ("affiliates") to market Trim Down products. (Mot. 2.) The affiliates are small, home based businesses located throughout the country. (Mot. 2.) Trim Down Global sells, markets, and distributes the "Trim Down Fat Burner" and the "Trim Down Fiber Plus+" products by way of its own website and through those of its affiliates. (Mot. 2-3.) Plaintiff alleges Defendants' products are confusingly similar to his registered trademarks. (Compl. ¶ 3.) Defendant Bongalis-Royer is the CEO, sole shareholder and operator of Trim Down Global. (Compl. ¶ 7.)

Plaintiff is a resident of Florida, but has business contacts in California. (Compl. ¶ 6.) Defendants are located in Ohio. (Compl. ¶¶ 7-8.) Plaintiff alleges that Trim Down Global represents itself as having over 1,000 employees working throughout the world. (Compl. ¶ 8.) Plaintiff states that his claims against Defendants "arise out of Defendants' intentional infringement and commercial activities in the Southern District of California." (Compl. ¶ 14.)

## LEGAL STANDARD

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014). The United States Supreme Court has confirmed that California's long-arm statute, Cal. Civ. Proc. Code § 410.10, allows the exercise of personal jurisdiction "to the full extent possible under the U.S. Constitution." *Id.*; *see also Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004) ("[T]he jurisdictional analysis under state law and federal due process are the same . . . .").

In order for a court to exercise personal jurisdiction over a non-resident defendant consistent with due process, that defendant must have "certain minimum contacts" with the forum, such that "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316

(1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Personal jurisdiction may be either general or specific. *See id.*

Where the motion is based on written materials, courts consider whether the plaintiff's pleadings and affidavits make a prima facie showing of personal jurisdiction. *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). "Although the plaintiff cannot simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint must be taken as true. Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Id.* (internal quotation marks and citations omitted).

## DISCUSSION

Plaintiff argues that this Court can exercise both general and specific jurisdiction over Defendants. Defendants argue that Plaintiff cannot establish the "minimum contacts" necessary for specific jurisdiction. As the specific jurisdiction analysis is dispositive, the Court need not address general jurisdiction.

### I. Specific Jurisdiction

Specific jurisdiction exists if the defendant "purposefully direct[s] his activities or consummate[s] some transaction with the forum or resident thereof; or perform[s] some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." *Schwarzenegger*, 374 F.3d at 802. In addition, the claim must arise out of or relate to the forum-related activities and the exercise of jurisdiction must be reasonable. *Id.* It is the plaintiff's burden to satisfy the first two prongs of the test. *Id.* If the first two prongs are satisfied, then the burden shifts to the defendant to "present a compelling case" that an exercise of personal jurisdiction would be unreasonable. *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

In Lanham Act cases, the plaintiff must show that the defendant purposefully directed its conduct toward the forum. *See Guava Family, Inc. v. Gauva Kids, LLC*, No. 12cv2239, 2013 WL 1742786, at *5-6 (S.D. Cal. Apr. 23, 2013). Purposeful direction

exists where a plaintiff produces "evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere." *Schwarzenegger*, 374 F.3d at 803. Under *Calder v. Jones*, courts apply an "effects" test to establish purposeful direction. 465 U.S. 783, 788-89 (1984). The effects test imposes three requirements: "the defendant allegedly must have (1) committed an intentional act; (2) expressly aimed at the forum state; (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc).

    Here, Plaintiff alleges that Defendants market, sell, and distribute dietary supplements bearing Plaintiff's trademark. Defendants applied for trademarks for the allegedly infringing products; thus, they certainly intended to use products with "Trim Down" in the name. Defendants' conduct of marketing and selling the allegedly infringing product satisfies the first requirement. *See Guava Family*, 2013 WL 1742786, at *6 ("[T]he act of selling products bearing the allegedly infringing trademark is sufficient to satisfy the 'intentional act' element of the *Calder* test.").

    However, Plaintiff failed to meet his burden as to the second element of the purposeful direction analysis. The express aiming requirement requires something more than mere foreseeability. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006). Plaintiff contends that Defendants relationship with 38 affiliates in California is sufficient to show that Defendants expressly aimed their activities at California. Plaintiff also states that Defendants hired a California law firm in the past and that Defendants operate an interactive website. Plaintiff cites no authority to support the proposition that the location of counsel can support an exercise of personal jurisdiction.

    Defendants hired a total of 477 affiliates to advertise their products. If an affiliate was successful in advertising the products, the consumer would then follow a link to the Defendants' website in order to make a purchase. There is no indication that Defendants contracted with any affiliate based upon the affiliate's location. Nor is there any

indication that Defendants dictated or controlled the manner in which the affiliates advertised. And, Plaintiff made no allegations that Defendants shipped their products anywhere. While it is apparent that Defendants had some reach in California, it is not apparent that Defendants' activities were expressly aimed there.

As Plaintiff cannot show that Defendants purposefully directed their activities to California, the Court cannot exercise specific personal jurisdiction over Defendants. The Court need not address the remaining prongs of the specific jurisdiction analysis.

## II.   Jurisdictional Discovery

In the event that the Court finds an exercise of personal jurisdiction improper, Plaintiff asks the Court to allow jurisdictional discovery. Plaintiffs argue that additional discovery will show whether Defendants directed activities toward California and whether they have close, strong relationships with their affiliates. Defendants do not respond to this request. As limited discovery could reveal facts sufficient to constitute a basis for personal jurisdiction, the Court **GRANTS** Plaintiff's request. *See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003). Jurisdictional discovery shall be completed within 60 days. Any discovery disputes shall be resolved by the Magistrate Judge. If necessary, any First Amended Complaint shall be filed on or before **January 25, 2017**.

## CONCLUSION

Defendants' Motion to Dismiss pursuant to Rule 12(b)(2) is **GRANTED**. Plaintiff's Request for limited jurisdictional discovery is **GRANTED**.

**IT IS SO ORDERED.**

Dated: November 2, 2015

Hon. Roger T. Benitez
United States District Judge

5

15cv1947